IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 08–cv–00240–EWN–CBS


EMMA CAUCUS, INC., a Colorado Non-Profit Corporation;
RICHARD J. BIRD, individually;
MICHAEL ERNEMANN, individually; and
DAVID B. KELLY, individually,

      Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF
PITKIN; and
GRACE CHURCH OF THE ROARING FORK VALLEY, Inc., a
Colorado Non-Profit Corporation,

      Defendants.

---

## ORDER

---

      This matter comes before the court on "Plaintiffs' Motion for Remand" (#7). Plaintiffs request that the case be remanded to the Pitkin County (Colorado) District Court. They argue that the underlying state complaint is nothing more than an action for judicial review of a land use decision made by Defendant Board of County Commissioners of the County of Pitkin. Such judicial review is authorized by rule 106 of the Colorado Rules of Civil Procedure. Although Grace Church of the Roaring Fork Valley, Inc., removed the case, it has not filed any response to the motion to remand.

The asserted basis for removal was that this court would have had original jurisdiction of the case under 28 U.S.C. § 1331.  This court would have jurisdiction under section 1331 if Plaintiffs' claims were ones "arising under the Constitution, laws, or treaties of the United States."  Inspection of the state court complaint discloses that it has nothing to do with federal law, much less "arise under" federal law.  It is a common-variety action to review an administrative zoning decision on the ground that the decision was an abuse of discretion, was procedurally defective, and failed to observe state and local laws concerning land use.  It simply does not arise under federal law, and this court lacks jurisdiction over it.

The convoluted reasons asserted by Grace Church for removal do not comport with this court's understanding of the legal test for determining whether a claim arises under federal law.  Grace Church's argument is that this case is, in some unspecified way, related to Civil Action No. 05-cv-01673-RPM, Grace Church of the Roaring Fork Valley, Inc., *et al.* v. County of Pitkin, *et al.,* a case assigned to Judge Matsch.  That case appears to involve Grace Church's claim that Pitkin County was violating the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000 by not allowing Grace Church to construct a church on land which the church owns in Pitkin County.  Shortly before a hearing on injunctive relief, the parties settled, reciting in a stipulated order that the motion for injunctive relief was mooted when Pitkin County issued a permit.

The history of Civil Action No. 05-cv-01673-RPM does not somehow transform this action for state-law judicial review into one "arising under" federal law.  As noted, the complaint in this case asserts that Defendants abused their discretion in the zoning decision.  The closest

Plaintiffs come to discussing Civil Action 05-cv-01673 is their assertion that Defendants violated procedural requirements of the zoning law by issuing a permit to Grace Church without holding a hearing on the matter. The hearing is one required by the zoning ordinance, not federal law. True, one or more of the Defendants may cite the stipulated order in Civil Action No. 05-cv-01673-RPM as part of their defensive effort, and the state judge may have to decide whether Defendants could settle the federal case by granting a permit without going through the state hearing process. The court is not, however, aware of any authority holding that insertion of federal issues by a defendant raises a federal question for jurisdictional purposes.

For reasons recited herein, it is

**ORDERED** as follows:

1.  The motion to remand is **GRANTED.** This case is hereby remanded to the Pitkin County District Court.

2.  The motion to reassign the case (#5) is **DENIED** as moot.

Dated this 21st day of May, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge